Bill GREENWOOD, O. R. S. #24127,
Petitioner,

v.

Joe HARP, Warden, Oklahoma State
Reformatory, Respondent.

No. A–14268.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1967.

Earl Goad, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

This is an original proceeding in which the petitioner seeks a writ of habeas corpus, or post conviction appeal.

On June 30, 1966 petitioner was sentenced on a plea of guilty in the district court of Pontotoc County, for the crime of second degree burglary, to serve three years in the state penitentiary. Petitioner was represented by court-appointed counsel. At the time of passing judgment and sentence, the trial court suspended petitioner's three year sentence, after fully explaining to the defendant the meaning of said suspension.

Subsequent thereto, on January 24, 1967, upon application of the district attorney, petitioner's suspended sentence was revoked, and he was transported to the state penitentiary at McAlester, Oklahoma. He was later transferred to the Reformatory at Granite, Oklahoma, where he is presently incarcerated.

On April 10, 1967 petitioner's employed counsel, Mr. Earl Goad, of Oklahoma City, filed petitioner's verified petition in this Court seeking a writ of habeas corpus, or a post conviction appeal. A hearing was had in this Court on April 19, 1967, at which time this Court ordered the district court of Pontotoc County to conduct a complete evidentiary hearing into petitioner's allegations, and to transmit the complete record to this Court with the trial court's findings of fact and conclusions of law.

On May 5, 1967 the Honorable District Court conducted the said hearing, and im-

mediately thereafter transmitted the complete record to this Court.

The record reflects the following findings and conclusions reached by the district court:

"And let the record further show that the Court finds that all proceedings, commencing with the Preliminary Hearing through the arraignment, the entry of plea of guilty, and the sentencing by the District Court, that the Defendant had been advised of his rights; that all of his Constitutional safeguards had been afforded him and protected. And that it is the finding of this Court that the proceedings were proper, * * *."

After carefully reviewing the record, we are of the opinion that the findings and conclusions of the district court are fully supported by the record. The petitioner was represented by court-appointed counsel, who explained petitioner's rights to him, including his right to enter a plea of not guilty and to have a jury trial; and, that he had the right to have a preliminary hearing and to have the testimony transcribed to the district court. His court-appointed counsel appeared with him at his preliminary hearing, where he entered a plea of not guilty.

Petitioner's court-appointed counsel appeared with him in the district court, on the same afternoon, where petitioner elected to enter a plea of guilty when he was arraigned. The record shows that before the trial court accepted petitioner's plea of guilty, the court interrogated the petitioner as to his age, past record, as to whether or not his counsel had explained his rights to him, and proceeded to explain petitioner's right to a jury trial. At the conclusion of the court's interrogation, petitioner's plea of guilty was accepted, and the court passed sentence, which was therewith suspended.

From the testimony gathered at the district court hearing, we are unable to accept petitioner's claim that he did not knowingly enter his plea of guilty, notwithstanding the innocent ignorance he portrays. To accept petitioner's unsupported contentions, in face of the testimony contained in this record, would make a mockery of our system of jurisprudence.

We are, therefore, of the opinion that petitioner's request for issuance of the writ of habeas corpus should be, and the same is, denied. We are further of the opinion that petitioner has failed to show justification for a post conviction appeal, and for that reason, his petition for post conviction appeal is denied.

NIX, P. J., and BUSSEY, J., concur.